UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-62523-BLOOM
MAGISTRATE JUDGE REID

MICHAEL A. BROWN

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court upon a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, by the *pro se* petitioner, Michael A. Brown, a convicted state felon, challenging the constitutionality of his conviction and sentences for robbery with a firearm and, in the course of the robbery, possession of a firearm, a first-degree felony, in violation of Fla. Stat. §§ 812.13(1), (2) and 775.087(2), the result of a jury verdict in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County Case No. 01-018623CF10A.[1]

---

[1] *See* online trial docket and certain documents contained therein located at DE#7.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Fla. Admin. Order 2019-2, and the Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts.

The Court reviewed the petition along with the exhibits (DE#1) and the memorandum of law (DE#3) together with the online state court criminal docket[2] and certain documents contained therein; and the online appellate dockets of the Fourth District Court of Appeals ("Fourth DCA"), along with the respective opinions, for case numbers **4D02-3518** (DE#7-25:1-5), **4D05-3732** (DE#7-26:1-2), **4D05-3733** (DE#7-27:1-3), **4D11-1038** (DE#7-28:1-2), **4D17-2655** (DE#7-29:1-2), **4D17-3183** (DE#7-30:1-3), and **4D17-3771** (DE#7-31:1-4), hereinafter referred to as "Appellate Docket ____." The undersigned did not issue an order to show cause to the State because it is evident Petitioner is not entitled to habeas relief since the instant petition is untimely.

---

[2] The Court may take judicial notice of its own records. *See* Fed. R. Evid. 201; *see also, United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts). The court also takes judicial notice of its own records in habeas proceedings, *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994), *Allen v. Newsome*, 7985 F.2d 934, 938 (11th Cir. 1986), together with the state records, which can be found online.

Certain relevant documents were extracted from the online trial docket located at the following web address: https://www.browardclerk.org/Web2/CaseSearch/. These documents are now a permanent part of the instant record and are located at DE#7. This Report uses the following citation for references to the documents extracted from the online trial docket: "DE#7-___:___."

## II.  Procedural History

Nearly seventeen years ago, a jury convicted Petitioner of robbery with a firearm.  (DE#7-3:1).  Counsel filed a motion for new trial which was denied. (DE#7-5:1, 2).  The court sentenced Petitioner to life in prison as a prison releasee reoffender with credit for time served.  (DE#7-6).[3]

Petitioner appealed to the Fourth DCA in Case No. 4D02-3518.  (DE#7-7:1-3).  On **October 22, 2003**, the appellate court affirmed Petitioner's conviction and sentence.  *Brown v. State of Florida*, 856 So. 2d 1116 (Fla. 4th DCA 2003).

Petitioner did not seek discretionary review from the Florida Supreme Court. The time for doing so expired thirty (30) days after the appellate court's affirmance of Petitioner's conviction, on November 21, 2003.[4]  Therefore, his conviction became final on November 21, 2003.

Since Petitioner did not seek discretionary review from the Florida Supreme Court, he is not entitled to an additional ninety (90) days to seek a writ of certiorari in the Supreme Court of the United States.  *Gonzalez v. Thaler*, 565 U.S. 134 (2012).[5]

---

[3] *See also* the State's notice of intent to seek a declaration that Petitioner is a "habitual felony Offender, a "habitual violent offender," a "three-time violent felony offender," or a "violent career criminal" pursuant to Fla. Stat. § 775.084.  (DE#7-2:1-3).

[4] Pursuant to Fla. R. App. P. 9.120(b), a motion to invoke discretionary review must be filed within 30 days of rendition of the order to be reviewed.

[5] In applying *Gonzalez* to this case, Petitioner is not entitled to the 90-day period for seeking certiorari review with the Supreme Court of the United States because after his judgment was affirmed on direct appeal, he did not attempt to obtain discretionary review by Florida's state court of last resort -- the Florida Supreme Court -- nor did he seek rehearing with the appellate court.  *See Gonzalez v. Thaler*, 565 U.S. 134 (2012) (holding that conviction becomes final upon expiration of time for seeking direct review);

*See also* Sup. Ct. R. 13. However, assuming without deciding that Petitioner is entitled to appeal to the Supreme Court of the United States, then, alternatively, his conviction would become final 90 days after the Fourth DCA affirmed his conviction, on **January 20, 2004**, when the time to appeal to the Supreme Court of the United States expired.

Petitioner had only one year to file a federal habeas petition pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") -- no later than **January 20, 2005**, absent any tolling motions. For purposes of this Report, the undersigned utilizes the later date because, even when giving Petitioner this additional time, this federal petition remains time-barred.

### III. Discussion-Timeliness

*A. General Principles of Timeliness*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations

---

*Jimenez v. Quarterman*, 555 U.S. 113, 118-21 (2009) (explaining the rules for calculating the one-year period under § 2244(d)(1)(A)). *See also Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *Chavers v. Secretary, Florida Dep't. of Corr.*, 468 F.3d 1273 (11th Cir. 2006) (holding that one-year statute of limitations established by AEDPA began to run 90 days after Florida appellate court affirmed habeas petitioner's conviction, not 90 days after mandate was issued by that court). Accordingly, where a state prisoner pursues a direct appeal but does not pursue discretionary review in the state's highest court after the intermediate appellate court affirms his conviction, the conviction becomes final when time for seeking such discretionary review in the state's highest court expires. *Gonzalez*, *supra*.

on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

As noted, the Petitioner's conviction became final, at the latest, on January 20, 2004. This § 2254 motion, dated October 15, 2018, filed more than 14 years after his conviction became final, asserts the following claims:

> 1. Ineffective assistance of counsel for "seven omissions":
>
>    a. Counsel failed to investigate and present evidence of the police "manufactured" photo lineup, the result of a "scheme" designed to identify him as the perpetrator of the armed robbery. A proper investigation would have supported a motion for dismissal of the charges

5

because the State had no other evidence outside the manufactured photo lineup. (DE#1:4-8).

b. Counsel failed to speak with Detective Dicristofalo regarding the circumstances surrounding the preparation of the photo lineup. Although Detective Kerr testified that he personally created the lineup, it was Dicristofalo who manufactured the photo lineup which was created for a different case. A proper investigation into this matter would have demonstrated that the State's identification evidence was faulty. (*Id*. at 8-9).

c. Counsel failed to utilize the sworn testimony of witnesses in the first trial to impeach the testimony offered in the second trial. (*Id*. at 9-10).

d. Counsel failed when he moved to exclude any mention of Detective Discristofalo from the second trial rather than present him as a witness to testify that he manufactured the photo lineup. (*Id*. at 10-11).

e. Counsel failed to exclude or object to the presentation of the manufactured photo lineup as evidence at trial where the lineup was prepared for a different "strong-armed robbery" case. "Petitioner does not dispute that he was involved in the strong-armed robbery case and the inclusion of his photo in the lineup prepared in that case was proper." (*Id*. at 11-12).

f. Counsel failed to present Deputy Debra Wallace as a witness at trial to testify that Petitioner was misidentified and did not match the initial suspect's description. This testimony would be able to contradict the testimony of Detective Kerr's account of the description of the suspect. (*Id*. at 12).

g. Counsel failed to investigate the video surveillance tape documenting the robbery as impeachment evidence. The video would have demonstrated that the

>physical and clothing description of the suspect was totally different. "Petitioner does not dispute that he was the individual in the video but that he is wearing a black shirt" and not a "red" shirt as presented at trial. (*Id*. at 12-13).
>
>2.   Petitioner is entitled to relief under *Martinez v. Ryan*, 566 U.S. 1 (2012) because no counsel was appointed to assist him in preparing his Rule 3.850 motion(s). (*Id*. at 14, n. 6).

Petitioner asserts that he is able to overcome the time-bar for two reasons. First, he alleges newly-discovered evidence, which he presented in an August 15, 2016, post-conviction motion. (*Id*. at 15). Second, he raises a "gateway" claim of "actual innocence.'" (*Id*.).

### A. Statutory Tolling Under § 2244(d)(1)(A)

Although AEDPA establishes a one-year limitations period for filing § 2254 motions, the limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending..."  28 U.S.C. § 2244(d)(2). Consequently, this petition is time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings.  *See* 28 U.S.C. § 2244(d)(2).

An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually

prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). Consequently, if the petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to run. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

Here, as narrated above, Petitioner's conviction became final on **January 20, 2004**. Petitioner waited *244 days*, until **September 20, 2004**, before filing his first post-conviction motion under Fla. R. Crim. P. 3.850 and then filed his first motion to correct sentence under Fla. R. Crim. P. 3.800 within the tolled period on January 24, 2005. Petitioner appealed the denial of both motions; and the later mandate addressing the Rule 3.850 motion issued on **March 31, 2006**. Petitioner then waited *three years and six months* before he filed a second Rule 3.850 motion. The Fourth DCA issued the mandate affirming the denial of relief on **June 8, 2012**. Next, Petitioner waited *four years and two months* before he filed a *third* Rule 3.850 motion. Following the mandate affirming the denial of the third Rule 3.850 motion on **April 5, 2018**, Petitioner waited *another six months* before coming to this Court for federal relief.

While it is true that Petitioner's federal limitations period would be tolled during the pendency of a properly filed post-conviction proceedings in the state

forum, once the first post-conviction proceeding ended, Petitioner waited three years and six months before filing a second Rule 3.850 motion in state court. The limitations period had tolled while Petitioner's first post-conviction motions were pending but expired during the three-and-one-half-year-period before he filed his second Rule 3.80 motion. During that time, no state collateral proceedings were instituted or otherwise pending that would serve to toll or stop the federal limitations period from expiring. Once the limitations period expired, it could not be revived. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004)). Accordingly, this federal habeas petition should be dismissed as time-barred.

*B. Tolling Under § 2244(d)(1)(D)*

To the extent Petitioner attempts to rely on § 2244(d)(1)(D) to start the one-year limitations, he fails to understand that in order for a "new evidence" claim to start the period, "the date on which the factual predicate of the claim or claims presented ***could have been discovered through the exercise of due diligence***" is key. Although Petitioner attempts to argue that the misconduct of police officers in creating the photo lineup was "discovered" in preparation for his third Rule 3.850 motion filed in 2016, his claim is controverted by the record. Petitioner's counsel had raised the issue in motions to suppress and a motion for a judgment of acquittal made at trial seeking the exclusion of the lineup. Clearly, he discovered the evidence of the lineup at the time of trial because it was admitted and was a feature at trial.

9

Moreover, Petitioner's claim that he personally learned of the officers' misconduct in preparing the lineup and raised it for the first time in the 2016 motion for post-conviction relief cannot constitute "new evidence" at this juncture. Petitioner first raised the issue of misconduct almost a decade ago in his second Rule 3.850 motion filed in 2009. (DE#7-14:1-38). In short, there is no "new evidence."

### C. *Martinez v. Ryan*, 566 U.S. 1 (2012)

Petitioner claims that he is entitled to relief from AEDPA's time-bar pursuant to *Martinez* because he was not appointed post-conviction counsel to assist him. Contrary to Petitioner's contention, however, *Martinez* is wholly inapplicable here. *Martinez* concerns the doctrine of procedural default and has no effect on AEDPA's limitations period.

Under *Martinez v. Ryan*, 566 U.S. 1, 14 (2012), ineffective assistance of counsel during initial-review collateral proceedings may constitute cause for a procedural default of an ineffective assistance claim if the underlying claims are "substantial," meaning that they have "some merit." The rule in *Martinez* was intended to apply where "the state procedural framework, by reason of its design and operation, makes is highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino v. Thaler*, 569 U.S. 413 (2013).

Most importantly, the Eleventh Circuit explained that "the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014). The Court explained in *Arthur v. Thomas*, that "[t]he § 2254 ineffective-trial-counsel claims in *Martinez* and *Trevino* were not barred by AEDPA's one-year limitations period. Instead, those claims were barred under the doctrine of procedural default because the petitioners never timely or properly raised them in state courts under the states' procedural rules." *Id*. at 630.

Therefore, *Martinez* has no application here.

### E. Equitable Tolling

Given the detailed procedural history narrated above, this federal habeas proceeding is due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). In that regard, the Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevent timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland v. Florida*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005));

*see also, Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted.

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Fla.*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

While the record reveals that Petitioner was a proactive litigant during his direct appeal and during several post-conviction proceedings, here he has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling" for the years wasted between his filings.

*See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1289 (11th Cir. 2002). This Court is not unmindful that Petitioner pursued collateral relief in the state forum. However, it is evident that there was well over one year of untolled time during which no properly filed post-conviction proceedings were pending which would act to toll the federal limitations period. As a result of Petitioner's failure to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

### E. Fundamental Miscarriage of Justice/Actual Innocence

No fundamental miscarriage of justice will result if the Court does not review on the merits Petitioner's grounds for relief raised herein. The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that § 2244(d)'s limitations period carries an exception for actual innocence; and it has declined to reach the issue whether the absence of such an exception would violate the

13

Constitution. *See Taylor v. Sec'y, Dep't of Corr.*, 230 F. App'x 944, 945 (11th Cir. 2007) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218-19 (11th Cir. 2000) (leaving open the question whether the § 2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). *But cf. United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2000) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his § 2255 motion."). However, several other circuits have recognized such an exception. *See, e.g., Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005); *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002).

Even if there were an "actual innocence" exception to the application of the one-year limitations provisions of § 2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

"[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. *Id.*; *see also High v. Head*, 209 F.3d 1257 (11th Cir. 2000); *Lee v. Kemna*, 213 F.3d 1037, 1039 (8th Cir. 2000); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107 (2d Cir. 2000) (*citing Schlup v. Delo*, 513 U.S. 298, 299, (1995); *Jones v. United States*, 153 F.3d 1305 (11th Cir. 1998) (holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). *See also Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

Here, assuming, without deciding, that a claim of actual innocence might support equitable tolling of the limitation period, notwithstanding, Petitioner has failed to make a substantial showing of "actual innocence" of the crimes for which he was found guilty following a jury trial and the appellate court's affirmation of his conviction. *Reeves v. State of Florida*, 67 So. 3d 380 (Fla. 4th DCA 2011).

On the record before this court, no fundamental miscarriage of justice will result by barring the claims raised in this habeas proceeding. Petitioner's conviction of guilt rests on the verdict of the jury. In other words, Petitioner has not presented

evidence to undermine the Court's confidence in the outcome of his criminal proceedings sufficient to show that a fundamental miscarriage of justice will result if the claims are not addressed on the merits.

Here, since Petitioner is not demonstrating actual, factual innocence, his claim warrants no habeas corpus relief. *See e.g., Scott v. Duffy*, 372 F. App'x 61, 63-64 (11th Cir. 2010) (rejecting habeas petitioner's actual innocence claim where no showing made of factual innocence of aggravated assault underlying his probation revocation and instead merely cited to evidence from probation revocation hearing and argued it did not support revocation of probation); *see also, Bousley v. United States*, 523 U.S. 614, 623 (1998).

Consequently, under the totality of the circumstances present here, this federal petition is NOT TIMELY and should be dismissed as time-barred.

## IV. Evidentiary Hearing

Based upon the foregoing, any request by Petitioner for an evidentiary hearing on the merits of any or all of his claims should be denied since the habeas petition can be resolved by reference to the state court record. 28 U.S.C. § 2254(e)(2); *Schriro v. Landrigan*, 550 U.S. at 474 (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). *See also Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an

evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim.").  Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

## V. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal.  In order to appeal, he must first obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

17

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After review of the record, Petitioner is not entitled to a certificate of appealability. Nevertheless, as now provided by the Rules Governing § 2254 Proceedings, Rule 11(a), 28 U.S.C. § 2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI. Recommendations

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be DISMISSED AS TIME-BARRED, that no certificate of appealability issue, and that the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 22nd day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Michael A. Brown
    L12549
    Desoto Annex
    Inmate Mail/Parcels
    13617 SE Highway 70
    Arcadia, FL 34266
    PRO SE

    Noticing 2254 SAG Miami-Dade/Monroe
    Email: CrimAppMIA@MyFloridaLegal.com